UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES N. EVERY,

     Plaintiff,

v.                                    CASE NO. 8:25-cv-486-SDM-CPT

PINELLAS COUNTY JAIL, *et al.*,

     Defendants.

_____/

**ORDER**

    Every's complaint alleges that the defendants violated his civil rights when he was detained but while receiving medical care in a hospital.  Every moves for leave to proceed *in forma pauperis*.  (Doc. 2)  The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e).  Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit.

    First, Every cannot pursue a claim against the "Pinellas County jail," which is a division of the county sheriff's office, and as *Faulkner v. Monroe Cnty. Sheriff's Dep't*,

523 F. App'x 696, 700–01 (11th Cir. 2013),[1] explains, a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Second, Every cannot pursue an individual capacity claim against the "Pinellas County Sheriff" because the sheriff was not personally involved in the alleged incident, and he cannot pursue an official capacity claim because Every alleges no fact showing that the incident was caused by a policy or custom of the sheriff 's office.

Third, Every cannot pursue a claim against deputy sheriff Rodriguez based on the alleged facts. Every alleges that, while handcuffed to a hospital bed, Officer Rodriguez asked a nurse for some "wipes" after Every soiled himself before he was able to get to the toilet, unknown to Rodriguez the "wipes" provided by the nurse were not approved for use on a person's genitalia, and the "wipes" caused chemical burns to Every's genitals and anus. Every assigns liability to the Rodriguez and not the hospital (1) because the officer "is the one who obtained and distributed the

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

wipes [without making] the hospital aware of what the intended use of the wipes was and merely responded to the officer's request" and (2) because the injury "sustained wa[s] the direct result of the gross negligence of Mr. Rodriguez, who as a representative of the sheriff's dept and the jail, had a duty to insure I did not harm myself . . . ." (Doc. 1 at 13)   Every alleges that Rodriguez's negligence caused his injury.  Every's claim is insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Additionally, Every cannot pursue a claim against the county sheriff based on the acts of a deputy sheriff because Section 1983 will not support an action based only on the defendant's position as the employer of someone who allegedly wronged Every.  A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action.  *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).

As shown above, Every fails to state a claim for relief.  Amendment of the action would prove futile because Every can state no valid Section 1983 claim for

relief.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted.  The clerk must enter a judgment of dismissal against Every and **CLOSE** this case.[*]

ORDERED in Tampa, Florida, on March 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*]  A separate order grants Every's pending motion (Doc. 2) for leave to proceed *in forma pauperis*.